# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
JERILYN GREENHAW,  
                Petitioner,  

v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

                Respondent.  
* * * * * * * * * * * * * * * * * * * *

No. 21-2032V  
Special Master Christian J. Moran  

Filed: June 18, 2024

Bradley S. Freedberg, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.
Benjamin Patrick Warder, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Jerilyn Greenhaw's motion for final attorneys' fees and costs. She is awarded **$74,584.55**.

\* \* \*

On October 18, 2021, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza ("flu") vaccine caused her to suffer from small

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

fiber neuropathy ("SFN"), oropharyngeal dysphagia, gastric dysmotility, and degenerative disease of the nervous system. Am. Pet., filed Apr. 4, 2022. After respondent contested entitlement contending that petitioner failed to prove that there is a causal link between the flu vaccination and her conditions, petitioner submitted an expert report from Dr. Gurney Fields Pearsall, Jr., M.D.,[2] a family practitioner. Exhibits (Exs.) 34-48. The undersigned determined that Dr. Pearsall's expert report did not comprehensively address the issues in respondent's Rule 4(c) report, and petitioner was required to submit an amended expert report from Dr. Pearsall, which remained inadequate on the topic of causation. On January 2, 2024, the undersigned issued his decision denying compensation. 2024 WL 263123.

On February 7, 2024, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requested attorneys' fees of $77,613.50 and attorneys' costs of $20,567.35 for a total request of $98,180.85. Id. at 2. Pursuant to General Order No. 9, counsel for petitioner represents that there are no personal incurred any costs related to the prosecution of this case. Id. at 1.

On October 30, 2023, respondent filed a response to petitioners' motion. Resp't's Resp. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of

---

[2] Dr. Pearsall appears to be the father of Mr. Freedberg's co-counsel in this case, Gurney F. Pearsall, III. See Exhibit 49 (curriculum vitae of Dr. Pearsall) at 4 (identifying "Gurney III" as one of his children).

2

matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel, Bradley S. Freedberg and his associate counsel, Gurney F. Pearsall, III:

|      | Bradley S. Freedberg | Gurney F. Pearsall, III |
|------|----------------------|-------------------------|
| 2020 | $410                 | $255                    |
| 2021 | $455                 | $275                    |
| 2022 | $480                 | $300                    |
| 2023 | $515                 | $325                    |
| 2024 | $550                 | $400                    |

3

Fees App. at 2. All hourly rates requested for work performed by Mr. Pearsall in 2020 and 2022, and by Mr. Freedberg in 2020-2023, are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Comeau v. Sec'y of Health & Human Servs., No. 19-198V, 2021 WL 3053038 (Fed. Cl. Spec. Mstr. June 15, 2021); Ward v. Sec'y of Health & Human Servs., No. 19-1621V, 2021 WL 3408511 (Fed. Cl. Spec. Mstr. June 30, 2021); Walker v. Sec'y of Health & Human Servs., No. 21-1318V, 2023 WL 8946623 (Fed. Cl. Spec. Mstr. Jan. 8, 2023). The 2021 and 2023 hourly rates for Mr. Pearsall and the 2024 hourly rates for both attorneys require adjustment.

    i.    *Gurney Pearsall, III*

Attorneys' fees have been previously awarded for Mr. Pearsall's 2021 work utilizing an hourly rate of $270, and $315 for the work he performed in 2023.[3] See Comeau, 2021 WL 3053038, at *2; Ward, 2021 WL 3408511, at *2; Walker, 2023 WL 8946623, at *2. This results in a reduction of **$214.00**.[4]

Regarding Mr. Pearsall's requested rate for 2024, $400 per hour falls within the experience range of four to seven years of experience provided in OSM's Attorney's Fees rate chart for similarly situated attorneys. However, the specifically requested increase is also excessive based on Mr. Pearsall's experience in the Vaccine Program. Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, a rate of $350 per hour is more appropriate for Mr. Pearsall's 2024 work. This results in a reduction of **$445.00**.[5]

    ii.    *Bradley Freedberg*

Regarding Mr. Freedberg's requested rate for 2024, $550 per hour falls within the experience range provided in OSM's Attorney's Fees rate chart for similarly situated attorneys, the specifically requested increase is excessive based

---

[3] The greater hourly rate of $275 was employed in two cases, due to an error made when quoting the hourly rates utilized in Comeau and Ward. See Rybicki v. Sec'y of Health & Human Servs., No. 20-332V, 2023 WL 2440377, at *2 (Fed. Cl. Spec. Mstr. Feb. 7, 2023); Key v. Sec'y of Health & Human Servs., No. 20-379V, 2023 WL 2440863, at *2 (Fed. Cl. Spec. Mstr. Feb. 7, 2023).

[4] ($275 - $270) x 5.5 hrs. + ($325 - $315) x 18.65 hrs. = $214.00.

[5] ($400 - $350) x 8.9 hrs. = $445.00.

4

on Mr. Freedberg's experience in the Vaccine Program.[6] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, a rate of $540 per hour is more appropriate for Mr. Freedberg's 2024 work. This results in a reduction of **$58.00**.[7]

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

A review of the billing records reveals multiple entries involving tasks that are considered paralegal in nature[8] were billed at the attorneys' hourly rates. See Fees App. Ex. B. Although at least fourteen entries - totaling 11.3 hours,[9] involve only paralegal tasks, numerous other entries describe both attorney and paralegal tasks. E.g., id. at 1 (entry dated 2/16/22). Such block billing makes it is difficult to ascertain the amount of time which should have been billed at a paralegal hourly rate. The undersigned will therefore address the matter, along with further reductions in amount of hours billed in the next section.

The undersigned has reviewed the submitted billing entries and finds several issues which need to be addressed further. Petitioner seeks attorneys' fees for work performed by Mr. Freedberg and Mr. Pearsall that is generally not reimbursed in

---

[6] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

[7] ($550 - $540) x 5.8 hrs. = $58.00.

[8] Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. See, e.g., Doe/11 v. Sec'y of Health & Human. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins. v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Human Servs., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

[9] These entries are as follows: 4.15 hours billed on 2/16/22, 2/23/22, 9/7/22, 5/22/23, and 1/8/24, by Mr. Pearsall; and 7.15 hours billed on 11/11/21, 11/18/21, 1/4/22, 2/4/22, 2/22/22, 2/23/22, 8/28/22, 10/12/22, and 10/17/22, by Mr. Freedberg.

vaccine cases such as work that is considered secretarial in nature,[10] time spent performing basic research,[11] and excessive or duplicative work.[12] Fees App. Ex. B. For example, Mr. Freedberg and Mr. Pearsall spent 3.5 hours finalizing their internal expert instructions. Id. at 2, 9-10 (entries dated 10/4/21, 10/5/21 and 11/10/21). And Mr. Pearsall spent time researching the Vaccine Act's statute of limitations. Id. at 1 (entry dated 10/2/20). Furthermore, the billing records contained numerous entries involving time spent by both Mr. Freedberg and Mr. Pearsall discussing the merits of petitioner's case and coordinating schedules and tasks. E.g., id. at 1-5, 6-9, 11-14  (entries dated 6/13/22 showing 1 hour of this time spent on same call with petitioner and 10/24/22 showing 1.4 hours discussing next step). On multiple occasions, Mr. Freedberg and Mr. Pearsall have been informed of these deficiencies in their billing records. E.g., Hergett v. Sec'y of Health & Human Servs., No. 17-2008V, 2020 WL 1080295 at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2020); Mackey v. Sec'y of Health & Human Servs., No. 16-1289V, 2020 WL 2596801, at *7 (Fed. Cl. Spec. Mstr. May 10, 2018); Comeau, 2021 WL 3053038, at *2; Ward, 2021 WL 3408511, at *2; Rybicki, 2023 WL 2440377, at *2-3.

Due to the extensive block billing found throughout the billing records submitted in this case, it is difficult to ascertain the exact amount of time involved in each of the mentioned categories. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in

---

[10] Secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989); Dingle v. Sec'y of Health & Human Servs., No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." Mostovoy, 2016 WL 720969, at *5 (citing Rochester, 18 Cl. Ct. at 387).

[11] "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." Matthews v. Sec'y of Health & Human Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

[12] The fees paid to petitioners have been reduced due to excessive and duplicative billing. See Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of Health & Human Servs., No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016). Staffing cases with multiple attorneys can result in inefficiencies and reductions in fees. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

the Program. See Broekelschen v. Sec'y of Health & Human Servs., 07-137V, 2008 WL 5456319, at *4 (Fed. Cl. Spec. Mstr. Dec 17, 2006). Rather, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task." Several tasks lumped together with one-time entry impedes assessment of the reasonableness of the request.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. E.g., Raymo, 129 Fed. Cl. at 703-04. The undersigned finds a reduction of twenty percent is warranted in this case. This results in a further **reduction of $15,379.30**.[13]

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $20,567.35 in attorneys' costs. Fees App. at 3. This amount is comprised of the court's filing fee, postage obtaining medical records and work performed by petitioner's expert, Dr. Gurney F. Pearsall, a family practitioner. Fees App. Ex. C.

For the work performed by Dr. Pearsall, petitioner requests a total of $20,000.00, comprised of 50.0 hours of work billed at $400.00 per hour. Fees App. at 3.[14] The undersigned was unable to find any prior instances of Dr. Pearsall performing Vaccine Program work, thus petitioner would have been well served to provide some evidence regarding a reasonable rate for general practitioners. A general practitioner was compensated at a rate of $250.00 per hour. Wynne v. Sec'y of Health & Hum. Servs., No. 17-1908V, 2022 WL 1869355, at *3 (Fed. Cl. Spec. Mstr. May 3, 2022). A rate of $250.00 per hour is reasonable (and perhaps generous) for someone who lacks specialized medical knowledge, who does not teach at medical schools, and who has authored only two articles published in journals. See Exhibit 49 (curriculum vitae).

---

[13] $76,896.50 x 0.20 = $15,379.30.

[14] Although petitioner only requests $20,000.00 for 50.0 hours of work by Dr. Pearsall, Dr. Pearsall billed petitioner $20,800.00 for 52.0 hours of work. Fees App. Ex. D at 2.

Dr. Pearsall billed petitioner for 52 hours. Fees App. Ex. D. Dr. Pearsall has lumped together many activities within the same day. This method of accounting for his time fails to comply with the Instructions, issued Nov. 10, 2022. As such, Dr. Pearsall should identify his activities with more precision going forward. However, because Dr. Pearsall has not previously submitted invoices, the number of hours is accepted as reasonable. A reasonable amount of compensation for Dr. Pearsall is $12,500.00.[15]

Petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $13,067.35.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$74,584.55** (representing $61,517.20 in attorneys' fees and $13,067.35 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Bradley S. Freedberg.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[16]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[15] $250.00 per hour x 50.0 hours = $10,000.00.

[16] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.